[801 NYS2d 333]

In the Matter of Edward M. Cohen (Admitted as Edward Marvin Cohen), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, September 6, 2005

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated March 11, 2004, containing two charges of professional misconduct. After a preliminary conference on June 9, 2004, and a hearing before Special Referee John P. Clarke on November 4, 2004, both charges were sustained. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in opposition to the petitioner's motion.

Charge One alleges that the respondent failed to return client files despite numerous requests, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2]), and DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

The respondent represented Daniel Zagar in various legal matters from the late 1990s through September 2001. Zagar terminated the respondent's services in or about September 2001. He sent the respondent a letter dated September 14, 2001, requesting the return of his legal files. The respondent failed to reply either to that letter or to followup letters, dated September 26, 2001, and October 26, 2001, from Stephen Boonshoft, Zagar's new attorney. After Boonshoft sent the respondent a third letter dated November 28, 2001, the respondent advised on December 28, 2001, that he would be in contact with Boonshoft's office shortly. When the respondent failed to do so, Boonshoft sent the respondent a letter dated January 29, 2002, requesting his cooperation.

As a result of the respondent's failure to cooperate, Zagar filed a complaint against him with the Departmental Disciplin-

ary Committee of the First Department, which was ultimately received by the petitioner. By letter dated June 7, 2002, and certified letter dated July 10, 2002, the petitioner requested the respondent's answer to the complaint. Despite two extensions of time to respond for health reasons, the respondent failed to comply. By letter dated September 30, 2002, the petitioner demanded the respondent's answer within five days, advised him to hire an attorney if his health prevented him from personally responding, and stated that it could not agree to any further adjournments.

The respondent retained Ernest Peace, who sent Boonshoft a letter dated November 12, 2002, requesting a list of the files Zagar wanted returned. Boonshoft delineated the files requested and Peace forwarded the list to the respondent and indicated that the request would be complied with. By letter dated February 27, 2003, Boonshoft advised that he still had not received the files. By letter dated March 10, 2003, Peace advised that he had been unsuccessfully trying to reach the respondent. He also sent a letter of that date to the respondent indicating that his cooperation was needed.

On May 2, 2003, Boonshoft indicated that the respondent still had not furnished the files and that he would pursue all remedies, both legal and disciplinary. On May 5, 2003, the petitioner served the respondent with a subpoena and a subpoena duces tecum requiring his appearance with legal files on May 15, 2003. After receiving two extensions of time, the respondent appeared at the petitioner's offices on May 30, 2003, with some of the files. The petitioner advised Peace of the respondent's appearance and his need to return all of the files. By letter dated June 24, 2003, Boonshoft advised Peace that his client still needed certain legal files to arrange for the release of escrow funds. By letter dated June 30, 2003, the petitioner advised Peace that the respondent needed to comply with the subpoenas previously served upon him in order to avoid further disciplinary action. By letter dated July 21, 2003, Boonshoft advised the petitioner that the files had still not been received. By letter dated July 23, 2003, the petitioner advised Peace that the respondent had 10 days to comply. On August 1, 2003, Peace contacted the petitioner and enclosed a copy of his letter to the respondent urging him to cooperate.

Charge Two alleges that the respondent failed to properly cooperate with the petitioner in its investigation of the Zagar complaint based on the foregoing allegations, in violation of

Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Based on the evidence adduced, the Special Referee properly sustained both charges and the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner notes that the respondent's disciplinary history consists of a letter of caution dated June 28, 2001, advising the respondent to hereafter ensure that he promptly communicate with clients and attorneys regarding the status of files in his possession and promptly cooperate with the petitioner in those investigations; a dismissal with advisement, dated September 12, 1997, advising him to promptly comply with his duty to reregister; and a letter of admonition, dated October 20, 1994, based upon his neglect of a legal matter entrusted to him, his failure to file a retainer statement, and his failures to cooperate with the petitioner and to directly advise individuals that he was no longer working on their cases.

While there is no evidence of any venality on the respondent's part, the record is clear that the petitioner gave him many reasonable extensions of time to comply and exhibited patience as Peace and Boonshoft attempted to resolve the issue and retrieve the missing files. The petitioner's ultimate goal of extracting an unequivocal communication from the respondent with respect to the files, eventuating in either their return or an acknowledgment that they were no longer in the respondent's possession, was not achieved.

Notwithstanding the mitigation offered by the respondent with respect to his illnesses, we find that his continued practice of law can pose a threat to the public interest. Balancing his disciplinary history and the mitigation offered, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and S. MILLER, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Edward M. Cohen, admitted as Edward Marvin Cohen, is suspended from the practice of law for a period of one year, commencing October 7, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one year period upon

furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edward M. Cohen, admitted as Edward Marvin Cohen, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edward M. Cohen, admitted as Edward Marvin Cohen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).